JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SA CV 11-1159-JVS(ANx) | Date | September 30, 2011 |
|---|---|---|---|

| Title | Benita Arvizu v. Indymac Bank, F.S.B., et al. |
|---|---|

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Karla J. Tunis | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(In Chambers)**
Order Declining to Rule on MTC Financial, Inc.'s Motion to Dismiss and Remanding Case to Orange County Superior Court

This case was removed to federal court on August 2, 2011.  On August 26, 2011, MTC Financial, Inc. dba Trustee Corps ("Trustee Corps"), filed a motion to dismiss Plaintiff's complaint, along with a request for judicial notice.  (Doc. No. 10.)  No opposition was filed.

The Court does not reach the merits of Trustee Corps' motion because no federal questions remain and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims.

I.   Background

Plaintiff owned a home in Santa Ana, California, encumbered by a deed of trust in favor of Defendant Indymac Bank ("Indymac").  (Compl. ¶ 10-11.)  A notice of default was recorded on March 9, 2009.  (Id. ¶ 12.)  After one or more substitutions of trustee and assignments of deed of trust, a notice of trustee's sale was recorded on November 4, 2009.  (Id. ¶ 18.)  The trustee's deed upon sale was recorded on February 11, 2010.  (Id. ¶ 19.)  Plaintiff alleges that Indymac and Trustee Corps constructively conspired to defraud her of her property, utilizing forged documents recorded in the Orange County Recorder's office and sent through the U.S. Postal Service.  (Id. ¶ 28.)  Plaintiff's complaint brings causes of action for: (1) violation of California Civil Code § 2932.5 power of sale under assigned mortgage, (2) failure to comply with the statutory requirements in a non-judicial foreclosure, (3) negligent misrepresentation, (4) violation

JS - 6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1159-JVS(ANx) | Date | September 30, 2011 |
|---|---|---|---|

| Title | Benita Arvizu v. Indymac Bank, F.S.B., et al. |
|---|---|

of California Civil Code § 2941.9, and (5) lack of standing as the real party of interest to foreclose under California Code of Civil Procedure § 367.

After Plaintiff filed her complaint in state court, Trustee Corps demurred to the complaint.  On July 15, 2011, the Orange County Superior Court sustained the demurrer without leave to amend as to Plaintiff's first, fourth, and fifth causes of action.  (RJN, Ex. G.)  The demurrer was also sustained as to the second and third causes of action, but Plaintiff was granted ten days leave to amend.  (Id.)  On August 2, 2011, the FDIC, as receiver for Indymac, removed the case to federal court.  The Court dismissed the FDIC on September 21, 2011.  (Doc. No. 13.)

II.    <u>Legal</u> <u>Standard</u>

Removal of a case to federal court is governed by 28 U.S.C. § 1441.  Under the statute, a case may be removed only for matters over which federal courts have original jurisdiction.  For cases arising under federal law, removal is allowed without regard to citizenship of the parties.  28 U.S.C. § 1441(b).  Following removal, if the Court dismisses all claims over which it has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over remaining state law claims.  28 U.S.C. § 1367(c)(3).

III.    <u>Discussion</u>

Under 12 U.S.C.A. § 1819(b)(2)(A), removal by the FDIC was proper because whenever the FDIC is a party to a civil action, the matter is deemed to arise under the laws of the United States.  Thus, the Court has federal question jurisdiction.  28 U.S.C. § 1331.

Because the Court's jurisdiction was premised on the presence of the FDIC as a party, now that the FDIC has been dismissed, the case no longer arises under federal law.  All of Plaintiff's claims are rooted in state law, and removal was not also sought on the concurrent basis of diversity jurisdiction.  Plaintiff's complaint does not allege the citizenship of each defendant, but all Defendants conduct business in California and there is no showing that diversity jurisdiction exists.  Because no issues of federal law remain,

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1159-JVS(ANx) | Date | September 30, 2011 |
|---|---|---|---|

| Title | Benita Arvizu v. Indymac Bank, F.S.B., et al. |
|---|---|

the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

      The Court orders this matter remanded to the Orange County Superior Court. Trustee Corps' motion to dismiss is denied as moot.[1]

      The Court finds that oral argument would not be helpful on this matter and vacates the October 3, 2011 hearing.  Fed. R. Civ. P. 78; Local Rule 7-15.

      IT IS SO ORDERED.

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |

---

[1] The Court notes that after Plaintiff missed her state-court deadline to amend the second and third causes of action, and shortly before the FDIC gave notice of the removal, Trustee Corps previously filed a motion to dismiss in state court.  (RJN, Ex. H.)  Because Plaintiff failed to amend her second and third causes of action by July 25, 2011 (RJN, Ex. J), it appears that dismissal is proper under Cal. Civ. P. Code § 581(f)(2).  However, the Court leaves this and any future determinations to the Orange County Superior Court.